IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SCHAFFNER, JR. and <br> THERESA SUE SCHAFFNER, <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), erroneously named in the Complaint as "Monsanto Corporation," hereby gives notice of removal of this action, captioned *David Schaffner, Jr., et al. v. Monsanto Corporation.*, bearing case number GD-19-007729, from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**Introduction**

1. In this products liability lawsuit, Plaintiffs David Schaffner, Jr. and Theresa Sue Schaffner sue Monsanto for Mr. Schaffner's injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.

Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer.  Nevertheless, Plaintiffs allege that Mr. Schaffner developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto glyphosate-based herbicides.

2.      As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.  Plaintiffs are residents and citizens of Pennsylvania.  For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation).  Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332.  The statutory amount-in-controversy requirement is also satisfied because Plaintiffs seek damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background and Procedural History

3.      In May 2019, Plaintiffs filed a Writ of Summons that named Monsanto (and two other defendants) in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned *David Schaffner, Jr., et al. v. Monsanto Corporation, et al.*, Case Number GD-19-007729 (the "Court of Common Pleas Action").  Plaintiffs did not file a pleading at that time.

4.      Plaintiffs filed their initial pleading -- a Complaint that named Monsanto as the sole defendant -- in the Court of Common Pleas Action on or about September 13, 2019.

5.      Pursuant to § 1446(a), true and correct copies of the Writ of Summons and Complaint served upon Monsanto in the Court of Common Pleas Action are attached collectively as **Exhibit 1**.  Plaintiffs seek damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides.  *See* Complaint ¶¶ 10, 17, 20-24, 35-36.

2

## Basis For Removal – Diversity Jurisdiction

6.      According to the Complaint, Plaintiffs are, and were at the time the State Court Action was filed, residents and citizens of the State of Pennsylvania. *See* Complaint ¶¶ 10-11, 16, 17, 21, 24.

7.      Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

8.      The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Mr. Schaffner to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

9.      In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Monsanto, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

4824-0000-3496 v1

**Procedural Requirements**

10. The Court of Common Pleas of Allegheny County, Pennsylvania is located within the Western District of Pennsylvania. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received the Complaint on September 13, 2019. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of September 13, 2019.

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Court of Common Pleas of Allegheny County, Pennsylvania and will be promptly served on Plaintiffs.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

**Conclusion**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

SHOOK, HARDY & BACON L.L.P.

Dated:  October 3, 2019

By:    */s/ Joseph H. Blum*
Joseph H. Blum (PA Bar No. 36874)
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA  19103
Phone:  215-278-2555
Fax:  215-278-2594
jblum@shb.com

*Attorneys for Defendant Monsanto Company*